**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **JOSE BONILLA, CARLOS ALEXI RODRIGUEZ CABRERA, AND RAUL BAIRES,** ***individually and on behalf of all others similarly-situated*****,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**HENSEL PHELPS CONSTRUCTION CO.,**<br><br>**and**<br><br>**PILLAR CONSTRUCTION, INC.,**<br><br>**Defendants.** | Civil Action No. 3:26-cv-00814-RCY |

**ANSWER AND DEFENSES TO COMPLAINT**

Defendant Pillar Construction, Inc. ("Pillar"), by undersigned counsel, hereby submits its Answer and Affirmative and Other Defenses to Plaintiffs' Complaint, as follows:

**GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Pillar asserts a general denial as to those allegations contained in the Complaint that are not clearly and specifically admitted herein.

**SPECIFIC DENIALS AND RESPONSES**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Pillar further specifically responds to the allegations in the numbered paragraphs of the Complaint:

1. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. The remaining allegations in Paragraph 1 asserts legal conclusions for which

no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6).

2. Pillar lacks knowledge to admit or deny the allegations in Paragraph 2, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

3. Admitted.

4. Admitted.

5. Denied.

6. Pillar lacks knowledge to admit or deny the allegations in Paragraph 6, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

7. Pillar lacks knowledge to admit or deny the allegations in Paragraph 7, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

8. Pillar lacks knowledge to admit or deny the allegations in Paragraph 8, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

9. The first two sentences in Paragraph 9 are admitted. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. The remaining allegations in Paragraph 9 are denied.

10. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. It is denied Pillar owed wages to Plaintiffs or purported similarly-situated employees. Pillar lacks knowledge to admit or deny the remaining allegations in Paragraph 10 , thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

11. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. It is denied Pillar owed wages to Plaintiffs or purported similarly-situated employees. Pillar lacks knowledge to admit or deny the remaining allegations in Paragraph 11, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

12. Denied.

13. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. It is denied Defendants engaged in any unlawful conduct as alleged. Pillar lacks knowledge to admit or deny the remaining allegations in Paragraph 13, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

14. Denied.

15. Paragraph 15 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). It is denied that Defendants engaged in any unlawful conduct as alleged.

16. Paragraph 16 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). It is denied that Defendants engaged in any unlawful conduct as alleged. Denied that these claims may be maintained as class actions and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

17. Paragraph 17 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). It is denied that Defendants engaged in any unlawful conduct as alleged and that denied that a class action is appropriate or available as a remedy. Denied that the Plaintiffs' claims may be maintained as class actions and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

18. Denied. It is further denied that Plaintiffs' claims may be maintained as class actions and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied that Plaintiff Jose R. Bonilla was an employee of Pillar. Admitted upon information and belief Bonilla performed framing and drywall work on the Project. Admitted upon information and belief Bonilla was an employee of Denise's Drywall and that at some point in time he may have become employed with a different subcontract. Denied that this subcontractor was a labor broker for Pillar. Pillar lacks knowledge to admit or deny the remaining allegations in Paragraph 22, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

23. Denied that Plaintiff Alexi Rodriguez Cabrera was an employee of Pillar. Admitted upon information and belief Cabera performed framing and drywall work on the Project. Admitted upon information and belief Cabrera was an employee of Denise's Drywall. Pillar lacks knowledge to admit or deny the remaining allegations in Paragraph 23, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

24. Denied that Plaintiff Raul Baires was an employee of Pillar. Admitted upon information and belief Baires performed framing and drywall work on the Project. Admitted upon information and belief Baires was an employee of Denise's Drywall. Pillar lacks knowledge to admit or deny the remaining allegations in Paragraph 24, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

25. Pillar lacks knowledge to admit or deny the allegations in Paragraph 25, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Denied.

31. Denied that Pillar engaged a labor broker or violated any Virginia or federal wage laws. The remaining allegations in paragraph 31 either assert legal conclusions for which no response is required, and thus are denied or avoided pursuant to Rule 8(b)(6) or for which Pillar lacks knowledge to admit or deny, and thus are treated as denied pursuant to Rule 8(b)(5).

32. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. Denied that Denise Drywall was a labor broker for Pillar. Admitted that Plaintiffs worked on the project did not perform exempt work on the project. Pillar lacks knowledge to admit or deny the remaining allegations in Paragraph 32, and thus are treated as denied pursuant to Rule 8(b)(5).

33. Denied.

34. Admitted Hector was Pillar's foreman and admitted that Hector had the authority to remove workers from the Project site. The remaining allegations in Paragraph 34 are denied. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar.

35. Admitted Hensel Phelps supervisors were present on the job site. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. Pillar lacks knowledge to admit or deny whether Hensel Phelps supervisors were on the job site every day that Plaintiffs worked, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

36. The first two sentences in Paragraph 36 are admitted. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. The remaining allegations in Paragraph 36 are denied.

37. Denied. Denied that Plaintiffs and the purported similarly-situated employees were

employed by Pillar.

38. Denied that Plaintiffs and the purported similarly-situated employees were employees of Pillar. Denied that dozens of employees worked an 8-hour shift on Saturdays, resulting in their working workweeks of up to 58 hours or more. Upon information and belief, the remaining allegations in Paragraph 38 are admitted as to Plaintiffs. Pillar lacks knowledge to admit or deny the remaining allegations in Paragraph 38 as to the purported similarly-situated employees, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

39. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. Pillar lacks knowledge to admit or deny the allegations in Paragraph 39, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

40. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. Upon information and belief the allegations in Paragraph 40 are denied as to Plaintiffs. Pillar lacks knowledge to admit or deny the allegations in Paragraph 40 as to the purported similarly-situated employees, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

41. Pillar lacks knowledge to admit or deny the allegations in the first sentence of Paragraph 41, thus pursuant to Rule 8(b)(5) the allegations are treated as denied. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. The remaining allegations of Paragraph 41 are denied.

42. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. Pillar lacks knowledge to admit or deny the allegations in Paragraph 22, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

43. Denied that Plaintiffs and the purported similarly-situated employees were

employed by Pillar. The first two sentences of Paragraph 43 are admitted as to Plaintiffs and admitted Pillar kept the original timesheets in its job site office and transmitted them to Denise's Drywall. The remaining allegations in Paragraph 43 are denied.

44. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. Admitted Plaintiffs were required to sign a separate safety sign-in sheet maintained by Hensel Phelps. The remaining allegations in Paragraph 44 are denied.

45. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. Pillar lacks knowledge to admit or deny the allegations in Paragraph 45 about what Hensel Phelps personnel observed. The remaining allegations in Paragraph 45 are admitted as to all individuals who worked on the Project.

46. Admitted.

47. Denied.

48. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. Pillar lacks knowledge to admit or deny the allegations in Paragraph 48, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

49. Pillar lacks knowledge to admit or deny the allegations in Paragraph 49, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

50. Pillar lacks knowledge to admit or deny the allegations in Paragraph 50, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

51. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. Pillar lacks knowledge to admit or deny the allegations in Paragraph 51, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

52. Denied that Plaintiffs and the purported similarly-situated employees were

employed by Pillar. The allegations in Paragraph 52 are denied.

53. Pillar lacks knowledge to admit or deny the allegations in Paragraph 53, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

54. The first sentence in Paragraph 54 is admitted and admitted that Hector directed Bonilla to go to Pillar's office. The remaining allegations in Paragraph 54 are denied.

55. Pillar lacks knowledge to admit or deny the allegations in Paragraph 55 as to what Plaintiffs allegedly "learned for the first time," thus pursuant to Rule 8(b)(5) the allegations are treated as denied. The remaining allegations in Paragraph 55 are admitted.

56. Admitted the signed release forms had a signature date of June 1, 2026. Pillar lacks knowledge to admit or deny the remaining allegations in Paragraph 56, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

57. Pillar lacks knowledge to admit or deny the allegations in Paragraph 57, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

58. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. Pillar lacks knowledge to admit or deny the allegations in last sentence in Paragraph 58, thus pursuant to Rule 8(b)(5) the allegations are treated as denied. The remaining allegations in paragraph 58 are denied.

59. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar and denied that Pillar engaged a labor broker on the Project. It is affirmatively averred that the only "nonpayment of wages issues" Pillar became aware of was what it learned as alleged in Paragraphs 54-56. Denied that Pillar did not seek to resolve this specific alleged nonpayment of wages issue. The remaining allegations in Paragraph 59 are denied as to Pillar. Pillar lacks knowledge to admit or deny the allegations in Paragraph 59 regarding Hensel Phelps, thus pursuant

to Rule 8(b)(5) the allegations are treated as denied.

60. Paragraph 60 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6).

61. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. Paragraph 61 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6).

62. Denied.

63. Admitted that the lawsuit *Graciano v. Pillar Construction, Inc.,* 1:24-cv-02045 (E.D.Va.) was filed in November 2024. The remaining allegations in Paragraph 63 are denied.

64. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar and denied Pillar engaged in unlawful pay practices. Admitted that the *Graciano* lawsuit was pending. Denied the *Graciano* lawsuit alleged an identical pattern of misclassification and overtime violations. Pillar lacks knowledge to admit or deny the remaining allegations in Paragraph 64 regarding Hensel Phelps, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

65. Denied.

66. Admitted.

67. Paragraph 67 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6).

68. Denied that Plaintiffs and the purported similarly-situated employees were employed by Pillar. The first sentence of Paragraph 68 is denied. The remaining allegations of Paragraph 68 assert legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6).

69. Pillar repeats and incorporates by reference the allegations set forth above.

70. Paragraph 70 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6).

71. Admitted.

72. Denied.

73. Denied.

74. Denied.

75. Pillar repeats and incorporates by reference the allegations set forth above.

76. Paragraph 76 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6).

77. Pillar lacks knowledge to admit or deny the allegations in Paragraph 77, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

78. Pillar lacks knowledge to admit or deny the allegations in Paragraph 78, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

79. The first sentence of Paragraph 79 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Pillar lacks knowledge to admit or deny the remaining allegations in Paragraph 79, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

80. Denied.

81. Denied.

82. Pillar repeats and incorporates by reference the allegations set forth above.

83. Paragraph 83 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6).

84. Paragraph 84 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Misclassification Class members were employed by Pillar.

85. Paragraph 85 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Misclassification Class members were employed by Pillar.

86. Denied. Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Misclassification Class members were employed by Pillar.

87. The first sentence of Paragraph 87 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). The remaining allegations of Paragraph 87 are denied. It is further denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Misclassification Class members were employed by Pillar.

88. Denied that Plaintiffs and the purported Misclassification Class members were employed by Pillar and denied that Pillar's foreman "terminated" any of the Plaintiffs. Pillar lacks knowledge to admit or deny the remaining allegations in Paragraph 88, thus pursuant to Rule 8(b)(5) the allegations are treated as denied.

89. Paragraph 89 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6).

90. Denied. It is further denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Misclassification Class members were employed by Pillar.

91. Admitted the *Graciano* action was pending against Pillar during the relevant period. The remaining allegations in Paragraph 91 are denied. It is further denied that the purported Misclassification Class members were employed by Pillar.

92. Paragraph 92 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

93. Denied. It is further denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Misclassification Class members were employed by Pillar.

94. Pillar repeats and incorporates by reference the allegations set forth above.

95. Denied. It is further denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Misclassification Class members were employed by Pillar.

96. Denied. It is further denied that this Count may be maintained as a class action and

denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Misclassification Class members were employed by Pillar.

97. Paragraph 97 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Misclassification Class members were employed by Pillar.

98. Denied. It is further denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Misclassification Class members were employed by Pillar.

99. Admitted named Plaintiffs seek to bring Counts III and IV on a class basis. Denied that these Counts may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Misclassification Class members were employed by Pillar.

100. Admitted named Plaintiffs seek to bring Counts III and IV on a class basis. Denied that these Counts may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

101. Paragraph 101 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that Counts III and IV may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

102. Denied that the putative class members were employees of Pillar and upon information and belief denied that Denise's Drywall paid the putative class members without deduction of payroll taxes. The remaining allegations of Paragraph 102 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that Counts III and IV may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

103. Paragraph 103 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). To the extent an answer is required the allegations in subparagraphs (a), (b) and (c) are denied. Pillar lacks knowledge to admit or deny the allegations in subparagraph (d), thus pursuant to Rule 8(b)(5) the allegations are treated as denied. Denied that Counts III and IV may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

104. The first sentence of Paragraph 104 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). The remaining allegations of Paragraph 104 are denied. Denied that Counts III and IV may be maintained as a class action and denied that Plaintiff has satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

105. Paragraph 105 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that Counts III and IV may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

106. Paragraph 106 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that Counts III and IV may be maintained

as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

107. Paragraph 107 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that Counts III and IV may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

108. Pillar repeats and incorporates by reference the allegations set forth above.

109. Paragraph 109 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that Counts III and IV may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

110. Paragraph 110 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Overtime Subclass members were employed by Pillar.

111. Denied. It is further denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Overtime Subclass members were employed by Pillar.

112. Denied. It is further denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Overtime Subclass members were employed by

Pillar.

113. Pillar lacks knowledge to admit or deny the allegations in Paragraph 113 as to what Denise's Drywall or Mr. Barrera allegedly stated, thus pursuant to Rule 8(b)(5) the allegations are treated as denied. Admitted Pillar maintained timesheets. The remaining allegations in Paragraph 113 are denied. It is further denied that the purported Overtime Subclass members were employed by Pillar.

114. Paragraph 114 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Overtime Subclass members were employed by Pillar.

115. Denied. It is further denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Overtime Subclass members were employed by Pillar.

116. Pillar repeats and incorporates by reference the allegations set forth above.

117. Paragraph 117 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Overtime Subclass members were employed by Pillar.

118. Denied. It is further denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Overtime Subclass members were employed by

Pillar.

119. Paragraph 119 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Overtime Subclass members were employed by Pillar.

120. Denied Pillar violated the Virginia Overtime Wage Act.

121. Denied. It is further denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Overtime Subclass members were employed by Pillar.

122. Pillar repeats and incorporates by reference the allegations set forth above.

123. Paragraph 123 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Unpaid Work Subclass members were employed by Pillar.

124. Denied that the purported Unpaid Work Subclass members were employed by Pillar. Admitted Pillar maintained daily timesheets at its job-site office and sent copies of the timesheets to Denise's Drywall. Pillar lacks knowledge to admit or deny the remaining allegations in Paragraph 124, and thus are treated as denied pursuant to Rule 8(b)(5). Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

125. Pillar lacks knowledge to admit or deny the allegations in Paragraph 125, thus pursuant to Rule 8(b)(5) the allegations are treated as denied. Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Unpaid Work Subclass members were employed by Pillar.

126. The first sentence of Paragraph 126 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Pillar lacks knowledge to admit or deny the remaining allegations in Paragraph 126, thus pursuant to Rule 8(b)(5) the allegations are treated as denied. Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Unpaid Work Subclass members were employed by Pillar.

127. Pillar lacks knowledge to admit or deny the allegations in Paragraph 127, thus pursuant to Rule 8(b)(5) the allegations are treated as denied. Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Unpaid Work Subclass members were employed by Pillar.

128. Denied Defendants violated Virginia Code § 40.1-29(P). Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Unpaid Work Subclass members were employed by Pillar.

129. Pillar lacks knowledge to admit or deny the allegations in Paragraph 129 as to what complaints the Plaintiffs or purported Unpaid Work Subclass made to Denise's Drywall, thus pursuant to Rule 8(b)(5) the allegations are treated as denied. The remaining allegations in

Paragraph 129 are denied. Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Unpaid Work Subclass members were employed by Pillar.

130. Paragraph 130 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Unpaid Work Subclass members were employed by Pillar.

131. Denied. It is further denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Unpaid Work Subclass members were employed by Pillar.

132. Pillar repeats and incorporates by reference the allegations set forth above.

133. Paragraph 133 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied Pillar employed the purported Unpaid Work Subclass members. Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

134. Paragraph 134 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied Pillar employed the purported Unpaid Work Subclass members. Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

135. Paragraph 135 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Unpaid Work Subclass members were employed by Pillar.

136. Denied. It is further denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Unpaid Work Subclass members were employed by Pillar.

137. Denied Pillar violated the Virginia Minimum Wage Act. Denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

138. Denied. It is further denied that this Count may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Unpaid Work Subclass members were employed by Pillar.

139. Admitted named Plaintiffs seek to bring Counts V and VI on a class basis. Denied that these Counts may be maintained as a class action and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Overtime Subclass members were employed by Pillar.

140. Admitted named Plaintiffs seek to bring Counts VII and VIII on a class basis. Denied that these Counts may be maintained as class actions and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied

that the purported Unpaid Work Subclass members were employed by Pillar.

141. Admitted named Plaintiffs seek to bring Counts V through VIII on a class basis. Denied that these Counts may be maintained as class actions and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported class members were employed by Pillar.

142. Admitted Pillar maintained daily timesheets at its job site and transmitted weekly employee censuses to Hensel Phelps. The remaining allegations in paragraph 142 are denied. Denied that Counts V through VIII may be maintained as class actions and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported class members were employed by Pillar.

143. Denied that the purported class members were employees of Pillar. Pillar lacks knowledge to admit or deny the remaining allegations in Paragraph 143. Denied that Counts V through VIII may be maintained as class actions and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure.

144. Denied that Plaintiffs and the purported class members were employed by Pillar and denied that Pillar is liable to the purported Overtime Subclass and Unpaid Work Subclass. Admitted Pillar maintained daily timesheets which were transmitted to Denise's Drywall. The remaining allegations in Paragraph 144 are denied.

145. Paragraph 145 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that Counts V through VIII may be maintained as class actions and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Overtime Subclass members were employed by Pillar.

146. Pillar lacks knowledge to admit or deny the allegations in Paragraph 146, and thus are treated as denied pursuant to Rule 8(b)(5). Denied that Counts V through VIII may be maintained as class actions and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported Unpaid Work Subclass members were employed by Pillar.

147. Paragraph 147 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). To the extent an answer is required the allegations in subparagraphs (a) through (j) are denied, for (k) is it admitted the Project is a construction project other than a single-family residential project with a value exceeding $500,000, for (l) it is denied Hensel Phelps employed the Plaintiffs or purported class members, and for (m) it is denied Defendants violated Virginia Wage Laws. Denied that Counts V through VIII may be maintained as class actions and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported class members were employed by Pillar.

148. The first sentence of Paragraph 148 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(60. The remaining allegations of Paragraph 148 are denied. Denied that Counts V through VIII may be maintained as class actions and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported class members were employed by Pillar.

149. Paragraph 149 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that Counts V through VIII may be maintained as class actions and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported class members were employed by Pillar.

150. Paragraph 150 asserts legal conclusions for which no response is required, and thus

is denied or avoided pursuant to Rule 8(b)(6). Denied that Counts V through VIII may be maintained as class actions and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported class members were employed by Pillar.

151. Paragraph 151 asserts legal conclusions for which no response is required, and thus is denied or avoided pursuant to Rule 8(b)(6). Denied that Counts V through VIII may be maintained as class actions and denied that Plaintiffs have satisfied or can satisfy the requirement of Rule 23 of the Federal Rules of Civil Procedure. Denied that the purported class members were employed by Pillar.

## PRAYER FOR RELIEF

WHEREFORE, it is denied Plaintiffs are entitled to any relief whatsoever, and Pillar requests the entry of judgment in its favor with an award of costs.

## AFFIRMATIVE AND OTHER DEFENSES

**COUNTS I AND II: FLSA Unpaid Overtime and Minimum Wage.**

1. Without assuming the burden of proof, no employment relationship existed between Pillar and Plaintiffs.

2. Without assuming the burden of proof Pillar was not a joint employer of Plaintiffs.

4. Without assuming the burden of proof, Pillar was not a joint employer with Denise's Drywall.

5. Pillar had no knowledge that Plaintiffs were not paid overtime or minimum wages allegedly owed by Denise's Drywall.

6. Pillar acted in good faith at all times relevant to the allegations raised in the Complaint.

7. Pillar did not engage in any intentional or willful acts with respect to any regular or overtime wages allegedly paid or owed to Plaintiffs.

8. Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 259, as to all time during which Plaintiffs were engaged in: (i) walking, riding, or traveling to the actual places they performed their principal activities; or (ii) in activities where were preliminary or postliminary to their principal activities.

**COUNT III: Virginia Misclassification Law, Va. Code Ann. § 40.1-28.7:7**

9. Virginia Code § 40.1-28.7:7 does not authorize representative actions and only authorizes individual actions.

10. Without assuming the burden of proof, Pillar was not an employer of the Plaintiffs or putative class members.

11. Without assuming the burden of proof, Pillar was not a joint employer with Denise's Drywall.

12. Without assuming the burden of proof, Pillar did not have knowledge of the alleged misclassification as required by § 40.1-28.7:7.

13. Pursuant to Virginia Code § 11-4.6(C)(4) (effective prior to July 1, 2026), Pillar is not jointly and severally liable for Denise's Drywall's alleged misclassification because Pillar did not have knowledge and there was no basis for it to have knowledge of the alleged misclassification based on the written certifications provided by Denise's Drywall.

14. Pillar is not liable under Virginia Code § 11-4.6(C)(1) for any liquidated or treble

damages under Virginia Code § 40.1-29 because such damages are not wages.

15. Pillar is not liable under Virginia Code § 11-4.6(C)(2) for any liquidated or treble damages under Virginia Code § 40.1-29 because such damages are not penalties.

16. Pillar acted in good faith at all times relevant to the allegations raised in the Complaint.

17. Pillar did not engage in any intentional or willful acts with respect to the employment classification of Plaintiffs and/or any putative class members.

18. Any damages allegedly suffered by Plaintiffs and/or putative class members are a direct result of the acts or omissions of Denise's Drywall.

**COUNT IV: Virginia Paycheck Transparency, Va. Code Ann. § 40.1-29(D)**

19. Virginia Code § 40.1-29(D) (effective prior to July 1, 2026) did not require an employer to provide employees with written statement, by pay stub or online accounting, showing the hours worked, the rate of pay, the gross wages earned, or the deductions taken, for each regular pay date.

20. The statute in effect at the times relevant hereto, Virginia Code § 40.1-29(C) and (J) did not provide for a private cause of action for alleged violations of § 40.1-29(C), which did not result in a failure to pay wages.

21. The statute in effect at the times relevant hereto, Virginia Code § 40.1-29 did not apply to claims for unpaid overtime.

22. Without assuming the burden of proof, Pillar was not an employer of Plaintiffs or the putative class members as it did not pay Plaintiffs or the putative class members as required under the definition of "employer" under Virginia Code § 40.1-2.

23. Without assuming the burden of proof, Pillar was not a joint employer of Plaintiffs or the putative class members with Denise's Drywall as it did not pay Plaintiffs or the putative class members as required under the definition of "employer" under Virginia Code § 40.1-2.

24. Pursuant to Virginia Code § 11-4.6(C)(4) (effective prior to July 1, 2026), Pillar is not jointly and severally liable for Denise's Drywall's alleged failure to comply with Virginia Code § 40.1-29(C) (effective prior to July 1, 2026) because Pillar did not have knowledge and there was no basis for it to have knowledge of the alleged violations based on the written certifications provided by Denise's Drywall.

24. Pillar is not liable under Virginia Code § 11-4.6(C)(1) for any liquidated or treble damages under Virginia Code § 40.1-29 because such damages are not wages.

25. Pillar is not liable under Virginia Code § 11-4.6(C)(2) for any liquidated or treble damages under Virginia Code § 40.1-29 because such damages are not penalties.

26. Class actions are not authorized by Virginia Code § 40.1-29(J) (effective prior to July 1, 2026) or Virginia Code § 40.1-29(K) (effective after July 1, 2026), and the only representative remedy authorized is a "collective action consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 261(b)."

27. Pillar acted in good faith at all times relevant to the allegations raised in the Complaint.

28. Pillar did not engage in any intentional or willful acts with respect to the issuance of wage statements to Plaintiffs and/or any putative class members.

29. Any damages allegedly suffered by Plaintiffs and/or putative class members are a

direct result of the acts or omissions of Denise's Drywall.

**<u>COUNT V</u>: Unpaid Overtime Wages, Va. Code Ann. § 40.1-29**

30. The statute in effect at the times relevant hereto, Virginia Code § 40.1-29 did not apply to claims for unpaid overtime.

31. Without assuming the burden of proof, Pillar was not an employer of Plaintiffs or the putative class members as it did not pay Plaintiffs or the putative class members as required under the definition of "employer" under Virginia Code § 40.1-2.

32. Without assuming the burden of proof, Pillar was not a joint employer of Plaintiffs or the putative class members with Denise's Drywall as it did not pay Plaintiffs or the putative class members as required under the definition of "employer" under Virginia Code § 40.1-2.

33. Pursuant to Virginia Code § 11-4.6(C)(4) (effective prior to July 1, 2026), Pillar is not jointly and severally liable for Denise's Drywall's alleged failure to pay wages or overtime to its employees because Pillar did not have knowledge of the alleged failure and there was no basis for it to have knowledge of the alleged failure based on the written certifications provided by Denise's Drywall.

34. Pillar is not liable under Virginia Code § 11-4.6(C)(1) for any liquidated or treble damages under Virginia Code § 40.1-29 because such damages are not wages.

35. Pillar is not liable under Virginia Code § 11-4.6(C)(2) for any liquidated or treble damages under Virginia Code § 40.1-29 because such damages are not penalties.

36. Class actions are not authorized by Virginia Code § 40.1-29(J) (effective prior to July 1, 2026) or Virginia Code § 40.1-29(K) (effective after July 1, 2026), and the only

representative remedy authorized is a "collective action consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 261(b)."

37. Pillar acted in good faith at all times relevant to the allegations raised in the Complaint.

38. Pillar did not engage in any intentional or willful acts with respect to the alleged failure to pay overtime to Plaintiffs and/or any putative class members.

39. Any damages allegedly suffered by Plaintiffs and/or putative class members are a direct result of the acts or omissions of Denise's Drywall.

**<u>COUNT VI</u>: Violation of Virginia Overtime Wage Act, Va. Code Ann. § 40.1-29.2**

40. Without assuming the burden of proof, no employment relationship existed between Pillar and Plaintiffs or the putative class members.

41. Without assuming the burden of proof, Pillar was not a joint employer of Plaintiffs or the putative class members.

42. Without assuming the burden of proof, Pillar was not a joint employer with Denise's Drywall.

43. Pursuant to Virginia Code § 11-4.6(C)(4) (effective prior to July 1, 2026), Pillar is not jointly and severally liable for Denise's Drywall's alleged failure to pay overtime to its employees because Pillar did not have knowledge of the alleged failure and there was no basis for it to have knowledge of the alleged failure based on the written certifications provided by Denise's Drywall.

44. Pillar is not liable under Virginia Code § 11-4.6(C)(1) for any liquidated or treble damages under Virginia Code § 40.1-29 because such damages are not wages.

45. Pillar is not liable under Virginia Code § 11-4.6(C)(2) for any liquidated or treble damages under Virginia Code § 40.1-29 because such damages are not penalties.

46. Class actions are not authorized by Virginia Code § 40.1-29(J) (effective prior to July 1, 2026) or Virginia Code § 40.1-29(K) (effective after July 1, 2026), and the only representative remedy authorized is a "collective action consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 261(b)."

47. Pillar acted in good faith at all times relevant to the allegations raised in the Complaint.

48. Pillar did not engage in any intentional or willful acts with respect to the alleged failure to pay overtime to Plaintiffs and/or any putative class members.

49. Any damages allegedly suffered by Plaintiffs and/or putative class members are a direct result of the acts or omissions of Denise's Drywall.

**COUNT VII: Unpaid and Untimely Paid Wages, Va. Code Ann. § 40.1-29**

50. The statute in effect at the times relevant hereto, Virginia Code § 40.1-29 did not apply to claims for unpaid overtime.

51. Without assuming the burden of proof, Pillar was not an employer of Plaintiffs or the putative class members as it did not pay Plaintiffs or the putative class members as required under the definition of "employer" under Virginia Code § 40.1-2.

52. Without assuming the burden of proof, Pillar was not a joint employer of Plaintiffs or the putative class members with Denise's Drywall as it did not pay Plaintiffs or the putative class members as required under the definition of "employer" under Virginia Code § 40.1-2.

53. Pursuant to Virginia Code § 11-4.6(C)(4) (effective prior to July 1, 2026), Pillar is not jointly and severally liable for Denise's Drywall's alleged failure to pay its employees because Pillar did not have knowledge of the alleged failure and there was no basis for it to have knowledge of the alleged failure based on the written certifications provided by Denise's Drywall.

54. Pillar is not liable under Virginia Code § 11-4.6(C)(1) for any liquidated or treble damages under Virginia Code § 40.1-29 because such damages are not wages.

55. Pillar is not liable under Virginia Code § 11-4.6(C)(2) for any liquidated or treble damages under Virginia Code § 40.1-29 because such damages are not penalties.

56. Class actions are not authorized by Virginia Code § 40.1-29(J) (effective prior to July 1, 2026) or Virginia Code § 40.1-29(K) (effective after July 1, 2026), and the only representative remedy authorized is a "collective action consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 261(b)."

57. Pillar acted in good faith at all times relevant to the allegations raised in the Complaint.

58. Pillar did not engage in any intentional or willful acts with respect to the alleged failure to pay Plaintiffs and/or any putative class members.

59. Any damages allegedly suffered by Plaintiffs and/or putative class members are a direct result of the acts or omissions of Denise's Drywall.

**<u>COUNT VIII</u>: Violation of the Virginia Minimum Wage Act, Va. Code Ann. § 40.1-28.8**

50. Without assuming the burden of proof, no employment relationship existed between Pillar and Plaintiffs or the putative class members.

51. Without assuming the burden of proof, Pillar was not a joint employer of Plaintiffs or the putative class members.

52. Without assuming the burden of proof, Pillar was not a joint employer with Denise's Drywall.

53. Pursuant to Virginia Code § 11-4.6(C)(4) (effective prior to July 1, 2026), Pillar is not jointly and severally liable for Denise's Drywall's alleged failure to pay minimum wage to its employees because Pillar did not have knowledge of the alleged failure and there was no basis for it to have knowledge of the alleged failure based on the written certifications provided by Denise's Drywall.

54. Pillar is not liable under Virginia Code § 11-4.6(C)(1) for any liquidated or treble damages under Virginia Code § 40.1-29 because such damages are not wages.

55. Pillar is not liable under Virginia Code § 11-4.6(C)(2) for any liquidated or treble damages under Virginia Code § 40.1-29 because such damages are not penalties.

56. Pillar acted in good faith at all times relevant to the allegations raised in the Complaint.

57. Pillar did not engage in any intentional or willful acts with respect to the alleged failure to pay minimum wage to Plaintiffs and/or any putative class members.

58. Any damages allegedly suffered by Plaintiffs and/or putative class members are a direct result of the acts or omissions of Denise's Drywall.

**CLASS ACTION CLAIMS: Counts III – VIII**

59. The class action claims based on Fed.R.Civ.P. Rule 23 are barred by the Rules Enabling Act, 28 U.S.C. § 2072(a).

60. In the alternative, should class actions claims be permitted, they are limited by the applicable statutes of limitations.

Dated: October 16, 2026

Respectfully submitted,

*/s/ Michael E. Barnsback*________________________
Michael E Barnsback (VA Bar No. 33113)
O'HAGAN MEYER, PLLC
225 Reinekers Lane, Suite 300
Alexandria, VA 22314
(703) 775-8601
mbarnsback@ohaganmeyer.com

*Counsel for Pillar Construction, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 16th day of October 2026, I filed the foregoing with the Court using the CM/ECF system, which will electronically serve all counsel of record who have entered an appearance in this case.

*/s/ Michael E. Barnsback*
Michael E. Barnsback (VA Bar No. 33113)